# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JARON ENNIS

## DEFENDANTS
NOW BOXING PROMOTIONS

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Arnold C. Joseph, Esq.
Joseph & Associates

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1332(a)(1)

Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: February 7, 2024

SIGNATURE OF ATTORNEY OF RECORD: *Arnold Joseph*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 405 Welsh Road, Philadelphia, Pa. 19115

Address of Defendant: 9269 Tournament Canyon Drive, Las Vegas, Nevada 89144

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania

*RELATED CASE IF ANY:* N/A
Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　　Yes ☐　No ☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?　　Yes ☐　No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?　　Yes ☐　No ☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?　　Yes ☐　No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: 02/07/2024　　*Arnold Joseph*　　58500
　　　　　　　　　Attorney-at-Law *(Must sign above)*　　Attorney I.D. # *(if applicable)*

---

**Civil (Place a √ in one category only)**

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Arnold C. Joseph_____, counsel of record *or* pro se plaintiff, do hereby certify:

[x] Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: February 7, 2024　　*Arnold Joseph*　　58500
　　　　　　　　　Attorney-at-Law *(Sign here if applicable)*　　Attorney ID # *(if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JARON ENNIS | : | CIVIL ACTION |
| v. | : | |
| NOW BOXING PROMOTIONS | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| 02/07/2024 | ARNOLD C. JOSEPH | JARON ENNIS |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 380-8334 | (215) 701-2092 | acjoseph8@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JARON ENNIS** | : |
|  | :  **CIVIL ACTION NO.:** |
| Plaintiff, | : |
|  | : |
| v. | : |
|  | : |
| **NOW BOXING PROMOTIONS** | : |
|  | : |
| Defendants. | : |

## VERIFIED COMPLAINT

Plaintiff, Jaron Ennis (hereinafter alternatively referred to as either "ENNIS" or "Plaintiff"), by his attorney, Arnold C. Joseph, Esq., for his Complaint against Defendant, NOW Boxing Promotions (hereinafter alternatively referred to as either "NOW" or "Defendant") states as follows:

### PARTIES

1. Plaintiff, a professional boxer, is a resident of the Commonwealth of Pennsylvania who resides in Philadelphia, Pennsylvania.

2. Upon information and belief Defendant is a Nevada resident whose address is 9269 Tournament Drive, Las Vegas, Nevada, who has represented to Plaintiff that it is a licensed boxing promoter.

### JURISDICTION

3. This Court has original jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332(a)(1) because it is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

### VENUE

4. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391 (a) (2) because it is a judicial district in which a substantial part of the events and omissions giving rise to Plaintiff's claims occurred. Venue is also

properly laid in this Court because the parties have agreed and consented, through the Contract at issue herein, that venue is properly laid in the Eastern District of Pennsylvania.

## FACTS COMMON TO ALL COUNTS

### PRELIMINARY STATEMENT

5. In this Complaint Plaintiff, a professional boxer, who is entering the prime of his professional boxing career, seeks declaratory relief declaring that an Exclusive Promotional Rights Agreement (hereinafter the "Agreement"), entered into between Plaintiff and Defendant is void *ab initio* and unenforceable because it is illusory and lacks mutuality of obligation by virtue of various clauses which do not provide specifics with respect to the amount which Defendant is obligated to pay Plaintiff for his participation in Professional boxing matches during the term of the Agreement. Plaintiff also seeks injunctive relief enjoining Defendant from taking any steps to enforce the Agreement and preventing Plaintiff from engaging in professional boxing matches.

Additionally, Plaintiff seeks damages for injuries suffered as a result of Defendant's breach of the Agreement. Specifically, as will be set forth below, the Agreement provided that Defendant was responsible for providing Plaintiff the opportunity to participate in 14 professional boxing matches between January 23, 2019, and May 2023. Defendant, however, only offered Plaintiff the opportunity to participate in 9 professional boxing matches during that period of time. As a consequence, thereof Plaintiff has not been compensated for his participation in those bouts and consequently Defendant is liable to Plaintiff for the amount Plaintiff should have received for his participation in those bouts as well as for the amounts which Plaintiff would have earned from ancillary opportunities which would have arisen had he been given an opportunity to participate in those bouts.

### RELEVANT FACTS

#### *The Agreement*

7. On or about January 23, 2019, in reliance on Defendant's representations that:

- it was a licensed boxing promoter; and

- that it was capable of and willing to give Plaintiff the opportunity to participate in a specific number of

2

professional boxing bouts during the term of the Agreement; and

Plaintiff entered into the Agreement with Defendant. A copy of the Agreement is attached hereto and marked Exhibit A.

6. Through the Agreement Plaintiff (defined as "Fighter" therein) granted to Defendant (defined as "Promoter" therein) the exclusive right to promote all of Plaintiff's professional boxing matches during the term of the Agreement, thereby precluding Plaintiff, with very limited exceptions, from participating in bouts scheduled or promoted by any person or entity other than Defendant. (See Exhibit A, ¶¶ 1 and 7).

7. The Agreement provides as follows, with respect to its duration:

> 2. <u>Term</u>
>
> (a) The term of this Agreement (the "term") shall commence on the date hereof and shall continue for the period through May 22, 2023, unless terminated sooner or extended further pursuant to a specific provision of this Agreement.
>
> ***
>
> 6. <u>Championship Title Defense Bouts</u>
>
> If during the term of this Agreement and any extension thereof and the three (3) month period following termination of this Agreement for any reason or expiration of the Term, Fighter shall be recognized as world champion in any weight class, either by the WBC, WBA, IBF, WBO, IBO (or an equivalent world title sanctioning bod**y)**, Promoter shall have the exclusive right and option to promote the Fighter's first Eight (8) title defenses or Bouts subject to the following conditions:
>
> ***
>
> (a) Fighter's minimum purse for each such Title Defense shall be negotiated.
>
> ***
>
> (c) The Term of this Agreement shall be extended for such period of time as is required for presentation of the Eight (8) title defenses or bouts: however, such period of time shall not exceed forty-eight (48) months.
>
> (See Exhibit A ¶¶ 2 and 6)

8. The Agreement provides as follows with respect to Defendant's obligations to promote boxing events in which Plaintiff was to participate during the term of the Agreement:

> 3. <u>Minimum Bouts and Purses</u>
>
> (i) During the first year of this Agreement, Promoter shall offer to Fighter the right to participate in a minimum of Four (4) Bouts.

3

    (ii)    During the second year of this Agreement, Promoter shall offer to Fighter the right to participate in a minimum of Four (4) Bouts.

    (iii)    During the third year of this Agreement, Promoter shall offer to Fighter the right to participate in a minimum of Three (3) Bouts.

    (iv)    During the fourth year of this Agreement, Promoter shall offer to Fighter the right to participate in a minimum of Three (3) Bouts.

(See Exhibit A ¶ 3)

### *Defendant's Conduct*

9. During the Term of the Agreement Plaintiff has been ready, willing, and able to participate in the number of Bouts specified in the Agreement and has made Defendant aware of his willingness, yet Defendant has only given Plaintiff the opportunity to participate in the following number of bouts:

| | |
|---|---|
| Year 1 | 3 bouts |
| Year 2 | 2 bouts |
| Year 3 | 2 bouts |
| Year 4 | 1 bout |

10. Cameron Dunkin executed the Agreement on behalf of Defendant.

11. Upon information and belief Mr. Dunkin was Defendant's owner and/or president.

12. Cameron Dunkin died on January 2, 2024.

13. On January 15, 2024, an attorney forwarded a letter to Plaintiff advising him that Kellie Dunkin (Cameron Dunkin's widow) has taken over the promotion of Plaintiff pursuant to a Trust dated July 27, 2023.

14. To date Defendant has not advised whether Ms. Dunkin or Defendant is a licensed Promoter.

15. Plaintiff avers that Mrs. Dunkin has absolutely no experience promoting professional boxing events.

16. Plaintiff's last bout took place on July 8, 2023.

17. Defendant has failed to offer any bout opportunities since that date.

18. During the Term of the Agreement Plaintiff became the World Champion of the IBO and IBF and by operation of paragraph 6 of the Agreement, the Term of the Agreement was extended.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT

**(Declaratory Judgment of the Agreements lack of enforceability)**

19. Plaintiff repeats and re-alleges each and every allegation contained in each foregoing paragraph with the same force and effect as if more fully set forth at length herein.

20. Paragraph 3 of the Agreement, which places no obligation upon Defendant to perform a task (pay Plaintiff a specific amount for a bout in which Plaintiff participates), which is the very essence of the Agreement and the basis of the bargain between Plaintiff and the Defendant, renders the Agreement illusory, lacking in mutual obligation and therefore void *ab initio.*

21. Paragraph 6 of the Agreement is vague and ambiguous insofar as it grants to Defendant the unilateral right to extend the Agreement if Plaintiff either challenges for or wins a World Title of certain specified sanctioning organizations.

22. Plaintiff avers that those provisions render the Agreement illusory and lacking in mutuality of obligation; and consequently, the Agreement is void *ab initio.*

23. Defendant has advised Plaintiff that it believes that the Agreement is valid and enforceable, and that Plaintiff is subject to the terms and obligations thereof.

24. By reason of the foregoing, a justiciable controversy exists between adverse parties, which involves a substantial legal right of Plaintiff-to wit the right to engage in his chosen livelihood and earn a living; and Plaintiff therefore seeks a Declaratory Judgment that the Agreement is void *ab initio.*

WHEREFORE Plaintiff seeks an order and judgment in favor of Plaintiff and against Defendant declaring that the Agreement is void.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
**(Claim for Breach of Contract)**

25. Plaintiff repeats and re-alleges each and every allegation contained in each foregoing paragraph with the same force and effect as if more fully set forth at length herein.

26. Plaintiff and Defendant are parties to the Agreement.

27. The Agreement provided that Defendant was to provide Plaintiff with the opportunity to participate in at least 14 bouts during the term of the agreement.

28. Plaintiff has performed all of his obligations under and pursuant to the Agreement and was and is ready, willing, and able to participate in the requisite number of the bouts provided for in the Agreement.

29. Defendant has failed, without excuse, to perform its obligations to promote the requisite number of bouts as required by the Agreement

30. As a result of Defendant's breaches, as set forth herein, Plaintiff has suffered and will continue to suffer damages in the form of lost compensation and opportunities.

**WHEREFORE,** for the reasons set forth herein, Plaintiff demands judgment from Defendant in an amount no less than $1,000,000 and a declaration from the Court that the Agreement is terminated as a result of Defendant's breach.

### AS AND FOR A THIRD CAUSE OF ACTION AGAISNT DEFENDANT
**(Claim for Injunctive Relief)**

31. Plaintiff repeats and re-alleges each and every allegation contained in each foregoing paragraph with the same force and effect as if more fully set forth at length herein.

32. Plaintiff is a professional boxer whose sole source of income is derived from purses which he receives as a result of his participation in professional boxing matches.

33. Defendant has refused and continues to refuse, without cause to provide Plaintiff with the opportunity to participate in professional boxing matches as set forth in the Agreement.

34. Defendant has refused to allow Plaintiff to participate in bouts promoted by other persons or entities citing as a reason the existence of the Agreement and its terms and conditions.

35. Defendant is essentially holding Plaintiff hostage rendering it impossible for Plaintiff to earn a living.

36. If Defendant is not given an opportunity to participate in Bouts he will not be able to support himself and he could lose opportunities to fight during the prime of his career and will thus be irreparably harmed.

WHEREFORE, Plaintiff seeks an injunction to prevent Defendants from taking any of the following acts:

1. Contacting and/or threatening or discouraging any person or entity from entering into any agreement with Plaintiff for Plaintiff's participation in professional boxing bouts pending the outcome of the instant lawsuit; and

2. Taking any actions to prevent Plaintiff from participating in professional boxing bouts pending the outcome of the instant lawsuit or making any attempts to seize garnish or otherwise interfere with

payments which Plaintiff shall receive as consideration for his participation in professional boxing bouts pending the outcome of this lawsuit.


Dated: February 6, 2024

/s/Arnold C. Joseph
Arnold C. Joseph, Esq.
Joseph & Associates
1801 Market Street.
Suite 2500
Philadelphia, Pa., 19103
P (215) 380-8334
F (215) 701-2092
acjoseph8@gmail.com

8

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: February 6, 2024
       Philadelphia, Pa.

/s/Arnold C. Joseph
Arnold C. Joseph, Esq.

9

Envelope ID: 7C414F0F-BE3B-4E61-AC9D-2B2A3438243B

## VERIFICATION

I, **Jaron Ennis**, declare under the penalty of perjury that the foregoing is true and correct.

Signed this ___7th___ day of February 2024

2/7/2024

DocuSigned by:

*Jaron ennis*

567407DE02BC4B9...

**Jaron Ennis**

10