**EXHIBIT B**

# BOXING PROMOTIONAL RIGHTS AGREEMENT

This Agreement dated as of January 23, 2019 between NOW BOXING PROMOTIONS, with an address of 9269 Tournament Canyon Drive, Las Vegas, NV 89144 (hereinafter called "Promoter") and Jaron "Boots" Ennis, with an address of 405 Welsh Road, Philadelphia, PA 19115 (hereinafter called "Fighter").

The Parties acknowledge that their Prior Agreement is hereby replaced in its entirety by this Agreement. Pursuant to Paragraph 23 of the Prior Agreement, this Agreement shall be effective, and the Prior Agreement shall be terminated, upon the execution of this Agreement by the Parties. Upon such execution, all provisions of the Prior Agreement are hereby superseded in their entirety and replaced herein and shall have no further force or effect.

WHEREAS, Fighter wishes to obtain certain promotional services and commitments of Promoter to further Fighter's career as a professional boxer, and Promoter is willing and able to provide the promotion of a number of bouts for Fighter upon the terms and conditions set forth below.

NOW, THEREFORE, in consideration for the mutual promises set forth herein, the parties agree as follows:

1. <u>Grant of Promotion Rights</u>

Fighter hereby grants to Promoter the exclusive right to promote those professional boxing contests to be engaged in by Fighter and to be promoted by Promoter as provided in this Agreement, during the term of this Agreement and any extension thereof Promoter shall promote such bouts subject to the terms and conditions set forth herein, and the terms of this Agreement shall apply to championship title bouts as well as non-title bouts. Such promotional rights shall include all exclusive rights required to stage and sell tickets of admission to such boxing contests as well as the right to exploit and market all ancillary rights thereto including, without limitation of the foregoing, all exclusive worldwide rights to broadcast, telecast, exhibit, transmit, record and film such bouts for exhibition on a live or delayed basis in any and all media (whether now existing or hereafter devised) throughout the universe in perpetuity, including, without limitation of the foregoing, all worldwide television rights, including, without

1



limitation of the foregoing, the unlimited and unrestricted right to telecast the bouts referred to herein by means of live or delayed free over-the-air, cable, subscription, master antenna, multi-point or closed circuit television; pay-per-view television by means of terrestrial, cable, over-the-air, satellite, analog and digital transmission as well as Video On Demand, Near Video On Demand and HDTV, PDAs and other multimedia services; radio; films and tapes, for exhibition in all media and in all gauges, whether for theatrical exhibition or for sale, lease or license for home use, including audio and audio-visual cassettes and discs, CD ROM, digital video devices ("DVD"), all forms of internet on-line services or delivery, games and toys, and the unlimited right to deal with any or all of the foregoing, and to obtain copyright or similar protection in the United States and all other countries of the world where such protection is available in the name of Promoter or Promoter's nominees or assignees and all other rights, privileges, benefits, matters and things incident to or arising out of all or any of the foregoing, all in such manner as Promoter in its sole discretion shall determine. Further, Fighter grants to Promoter all commercial and non-commercial advertising uses of the bouts and portions thereof and Fighter's name and image, with respect to which Fighter hereby waives his personal right of privacy. Fighter grants to Promoter the right to use in any medium the name, likeness and biographical material of Fighter, and his trainers and seconds, for the purpose of advertising and promoting the bouts and for advertising and promoting the Ancillary Rights, as defined herein, including souvenir programs sold in connection with the bouts or the sale of said programs at any time thereafter and including institutional advertising by the site and Promoter's television licensees for the bouts. Promoter and its licensees or assignees shall have the right to use the name of Fighter, his photograph or other likeness, on commercial and merchandising tie-ups and advertisements, banners, buttons, posters, T-shirts, clothing (such as hats and jackets), jewelry and other souvenir items, and all similar products, but only in connection with and expressly related to the bouts and the Ancillary Rights. All of the rights, privileges and benefits granted by Fighter to Promoter pursuant to this paragraph 3 are hereinafter referred to as the "Ancillary Rights."


DEF 

2

2. Term

(a) The term of this Agreement (the "term") shall commence on the date hereof and shall continue for the period through May 22, 2023 unless terminated sooner or extended further pursuant to a specific provision of this Agreement.

(b) Subject to the provisions of Section 3 of this Agreement, and in addition to Promoter's right to terminate this Agreement pursuant to Section 2(c) of this Agreement, in the event that Fighter shall fail, for any reason whatsoever (other than a disability or postponement as provided in Section 11 of this Agreement) to engage in the minimum number of bouts as offered by Promoter during the Term, or to engage in any bout with an opponent approved by Fighter, Promoter shall have the right to terminate this Agreement without further liability or obligation to Fighter, except for the payment to Fighter of purses for bouts which have been completed during the period prior to such termination pursuant to this Agreement.

(c) In the event that at any time during the Term Fighter shall fail to have been declared the winner of any professional boxing match, for any reason, by the official boxing or athletic commission with jurisdiction over such bout, then Promoter shall have the right, but not the obligation, to terminate this Agreement upon notice to Fighter, without any further obligation to Fighter, except for the payment of any purse which may be due for a previously completed Bout.

3. Minimum Bouts and Purses

(i) During the first year of this Agreement, Promoter shall offer to Fighter the right to participate in a minimum of Four (4) Bouts.

(ii) During the second year of this Agreement, Promoter shall offer to Fighter the right to participate in a minimum of Four (4) Bouts.

(iii) During the third year of this Agreement, Promoter shall offer to Fighter the right to participate in a minimum of Three (3) Bouts.

(iv) During the fourth year of this Agreement, Promoter shall offer Fighter the right to participate in a minimum of Three (3) Bouts.



DE

3

Promoter will pay for Fighter's bout medicals that are required by state commissions in order for Fighter to participate in a bout.

PROMOTER WILL PAY FIGHTER A MINIMUM BOUT PURSE OF:
To be negotiated in good faith.

4. <u>Dates, Sites, Opponents, Transportation, and Accommodations</u>

(a) Promoter shall select, in its discretion, the date and site for each Bout hereunder, upon notice to Fighter.

(b) The opponent for each Bout hereunder shall be selected by Promoter, subject to the reasonable right of approval of Fighter and his manager and subject to the approval of the applicable commission or championship sanctioning body.

(c) For each Bout hereunder, Promoter shall provide round-trip air transportation for three (3) persons and two (2) hotel/motel rooms and meals for three (3) persons. These "Accommodations" include Fighter for the period of time prior to and through the date of each Bout, as Promoter shall designate in its sole discretion.

5. <u>Championship Challenge Bout</u>

(a) At any time during the Term of this Agreement and any extension thereof, Promoter shall have the exclusive right and option to promote any Bout in which Fighter shall challenge for a world championship title (the "Championship Challenge Bout") as recognized by one or more of the WBC, WBA, IBF or WBO. During the term of this Agreement or any extension, Fighter shall not contract with another promoter for any Championship Challenge Bout.

(b) For a WBC, WBA, IBF or WBO Championship Challenge Bout, Fighter shall receive a minimum purse to be negotiated.

(c) In the event that at any time during the Term of this Agreement and any extension thereof, Fighter shall be designated as the highest-ranked designated mandatory contender in any weight class category by either the WBC, WBA, IBF or WBO, then the Term of this Agreement

4


DE JE NO.

shall be extended for an additional 12-month period in order to provide Promoter with the opportunity to arrange and promote a Championship Challenge Bout for fighter.

(d)  Fighter shall pay all of his fees associated with the sanctioning of each championship challenge bout, and Promoter shall withhold those fees from Fighter's purse for each such Bout.

6. <u>Championship Title Defense Bouts</u>

If during the term of this Agreement and any extension thereof and the three (3) month period following termination of this Agreement for any reason or expiration of the Term, Fighter shall be recognized as world champion in any weight class, either by the WBC, WBA, IBF or WBO (or an equivalent world sanctioning body), Promoter shall have the exclusive right and option to promote the Fighter's first Eight (8) title defenses or Bouts subject to the following conditions:

(a)  Fighter's minimum purse for each such Title Defense shall be negotiated.

(b)  Any provision of Section 3 of this Agreement which shall be unfulfilled at the time of the Championship Challenge Bout may be terminated at the sole option of the Promoter.

(c)  The Term of this Agreement shall be extended for such period of time as is required for presentation of the Eight (8) title defenses or bouts; however such period of time shall not exceed forty eight (48) months.

(d)  Each opponent for a title defense bout shall be selected by Promoter subject to Fighter's reasonable approval, and shall be approved by the governing world boxing organization which recognizes Fighter's title if applicable.

(e)  Fighter shall pay all of his fees associated with the sanctioning of each Title Bout, and Promoter shall withhold those fees from Fighter's purse for such Title Bout.

(f)  For each title defense bout hereunder, Promoter shall provide accommodations and travel for four (4) persons including fighter.

5

DE JC NO.

7. Other Bouts

(a) Other than the bouts provided for in this Agreement. Fighter may contract with other promoters to engage in boxing matches, athletic contests or exhibitions during the Term of this Agreement: however, any boxing matches, athletic contests, or exhibitions arranged by promoters shall not be telecast on any television network, cable television network, pay per view telecast, closed circuit or other television medium; and such other bouts may not be scheduled to take place less than ninety (90) days prior to or after a scheduled promoted bout by Promoter involving Fighter. Also, the bout must be approved by Promoter.

(b) Notwithstanding the provisions of this Section 7, Fighter shall not, during the term of this Agreement and any extension, grant exclusive promotional rights, to substantially the same extent as granted herein to Promoter with respect to each Bout described herein, to any person or entity other than Promoter for more than one bout at a time; and Fighter shall not enter into any agreement which would conflict in any material way with the ability of Promoter to promote the bouts provided for in this Agreement.

8. Fighter's Approval of Opponents

With respect to those bouts hereunder for which Fighter shall have a right of approval over an opponent selected by Promoter, Fighter or his representative shall notify Promoter of Fighter's approval or disapproval of each proposed opponent not later than five (5) business days after notification by Promoter to Fighter of the proposed opponent. The failure of Fighter to provide timely notice of disapproval shall constitute an approval of the proposed opponent.

9. Fighter's Representations and Warranties

Fighter represents, warrants and agrees:

(i) that Fighter is free to enter into this Agreement, and is not a party to, and will not during the Term enter into any contract or agreement to participate as a contestant in a boxing contest which would interfere with Fighter's ability to fulfill his obligations under this Agreement;



6

(ii) that there are no pending claims (asserted or unasserted) affecting the Fighter which would or might interfere with the full and complete exercise or enjoyment by Promoter of any rights granted hereunder; and

(iii) that Fighter has executed no contract, option or agreement which conflicts with the provisions hereof or which purports to grant anyone else conflicting rights or any rights which would interfere with the full and complete performance by Fighter of his obligations hereunder or the free and unimpaired exercise by the Promoter of any of the rights granted to it hereunder.

Fighter further agrees to indemnify, defend and hold harmless Promoter and its officers, employees, representatives and agents from and against any suits, claims, actions, proceedings, expenses (including reasonable attorneys' fees) and damages arising from any actual or claimed breach of any of Fighter's representations, warranties and covenants herein.

10. <u>Promoter's Representations and Warranties</u>

Promoter represents, warrants and agrees that Promoter is free to enter into this Agreement, and is not a party to, and will not during the Term enter into any contract or agreement which would interfere with Promoter's ability to fulfill its obligations pursuant to the terms and conditions of this agreement.

11. <u>Publicity and Promotion</u>

Fighter agrees that he will cooperate and assist in the publicizing, advertising and promoting of each bout, and that he will appear at and participate in a reasonable number of joint or separate press conferences, interviews, (before and after a bout) and other publicity or exploitation appearances, or activities (any or all of which may be telecast, broadcast, recorded or filmed), at times and places designated by Promoter (which such expenses including, but not limited to travel and accommodations will be paid by Promoter). If requested by Promoter, Fighter agrees to accompany Promoter on a press tour in which Fighter shall visit various cities to publicize a bout and will grant reasonable interviews with the press and media on said tour. Fighter further agrees to cooperate with any sponsors of a bout and to post reasonable advertising materials at the training camp of Fighter used in connection with publicity or advertising of

7   DE  JE  N.O.

such sponsors and to participate in reasonable advertising requests of such sponsors. Fighter agrees, at the request of Promoter, that the training and sparring sessions of Fighter at the site of a bout shall be open to the public.

12.  Survival of Provisions

If any term or provision of this Agreement or the application thereof to any person or circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Agreement or the application of such term or provision to persons whose circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby.

13.  Successors

The terms, conditions and covenants of this Agreement shall be binding upon and shall inure to the benefit of each of the parties hereto, their heirs, personal representatives, successors or assigns.

14.  Right to Assign

Promoter shall have the right to assign, license or transfer any or all of the rights granted to it hereunder to any person, firm or corporation, so long as Promoter shall remain liable for its financial obligations to Fighter hereunder. However, the obligations of Fighter hereunder are personal to him, and neither the benefits nor the duties of Fighter hereunder may be assigned, pledged or transferred for any reason.

15.  Intent in Signing

Fighter acknowledges and agrees that his signing of this Agreement is solely for the purpose of obtaining certain promotional services and commitments of Promoter upon the terms and conditions of this Agreement and that Fighter has not been required to sign this Agreement or to grant any of the rights herein granted to Promoter as a condition precedent to Fighter's


DE JE NO.

8

participation in any professional boxing match against another fighter who is under contract to Promoter, or otherwise.

16. Disqualification

During the Term, Fighter shall be ready, willing and able to participate in each bout to be promoted by Promoter hereunder, to the best of Fighter's ability, and shall honestly compete and give an honest exhibition of skills. Without limiting any of Promoter's right or remedies at law or in equity, Promoter shall have the right to terminate this Agreement in its entirety if Promoter believes, in its good faith judgment, that Fighter is not ready, willing and able or willing to participate to the best of his ability. In addition, if at any time during the Term Fighter should commit any act or be charged with any crime or misdemeanor which would permit any arena, event site or television broadcaster, distributor or exhibitor to cancel its contract with Promoter for a particular bout or boxing program to be promoted by Promoter in which Fighter was to participate, Promoter shall have the right and option, in its discretion, to terminate this Agreement upon notice to Fighter, without any further obligation or liability to Fighter except for the payment of any agreed purse amount which may then be due for a previously completed bout.

17. Disability or Postponement

Should any bout scheduled to be promoted hereunder be postponed for any reason, the obligation of Fighter and Promoter relating to the bouts set forth in Sections 3, 5 and 6 of this Agreement, and the Term of this Agreement, shall automatically be extended for the period of any such postponement. In addition, if at any time during the Term, or any extension thereof, Fighter becomes injured, suspended or permanently or partially disabled, Promoter, at its sole discretion, shall have the right, for each such injury, disability or suspension declared by Fighter or an athletic commission, either to (i) extend the Term of this Agreement for the period of such injury, disability or suspension; or (ii) terminate this Agreement upon notice to Fighter without any further liability or obligation to Fighter.

DE JE N.O.

9

18. Form of Bout Agreement

For each bout hereunder, Fighter and Promoter shall execute and comply with the terms of Promoter's then customary form of Bout Agreement or the standard boxing contract required by the athletic or boxing commission with jurisdiction over each bout.

19. Injunctive Relief

Fighter acknowledges and agrees that the services to be rendered or furnished by him and the rights granted to Promoter hereunder are of a special, unique, unusual and extraordinary character, giving them peculiar value, the loss of which cannot be reasonably or adequately compensated by damages in an action at law and could cause Promoter irreparable damage and injury. Fighter, therefore, agrees that, upon the finding of a court of competent jurisdiction that such relief is appropriate, Promoter shall be entitled to injunctive and other equitable relief to prevent any breach or default hereunder without any requirement to post a bond, which shall be in addition to and without prejudice to any other rights or remedies Promoter may have in such event.

20. Notices

If at any time following the execution of this Agreement it shall become necessary or convenient for one of the parties hereto to serve any notice, demand or communication upon the other party, such notice, demand or communication shall be in writing signed by the party serving the same, deposited in the registered or certified United States mail, return receipt requested, postage prepaid, or sent by a recognized courier service, and (a) if intended for Promoter shall be addressed to:

NOW BOXING PROMOTIONS
9269 Tournament Canyon Drive
Las Vegas, NV 89144

DE JE N.O.

and (b) if intended for Fighter shall he addressed to:

> Jaron Ennis
> 405 Welsh Road
> Philadelphia, PA 19115

or to such other address as either party may have furnished to the other in writing as a place for the service of notice. Any notice so mailed shall be deemed to have been given as of the time the same is deposited in the United States mail or delivered to a recognized courier service.

21. <u>Promoter's Promotion of Other Fighters</u>

Nothing herein shall prevent Promoter from engaging in promotion activities for any other fighter, including other fighters in the same weight class as Fighter; and Promoter shall have no duty or obligation to direct or arrange any particular Bout for Fighter as opposed to any other Fighter.

22. <u>Construction</u>

The captions and headings appearing in this Agreement are inserted only as a matter of convenience and in no way define, limit, construe or describe the scope or intent of such paragraphs of this Agreement or in any way affect this Agreement. The use of the singular herein shall be deemed to include the plural and conversely the plural shall be deemed to include the singular.

23. <u>Non-Waiver</u>

Waiver of the failure of the Promoter or Fighter to insist upon strict and prompt performance of the covenants and agreements hereunder and the acceptance of such performance hereafter shall not constitute or be construed as a waiver or relinquishment of the Promoter's or Fighter's rights hereafter to enforce the same strictly according to the tenor thereof, even in the event of a continuous or subsequent default by either party.

24. <u>Governing Law, Jurisdiction, Venue</u>

DE  JE  N.O.

11

This Agreement shall be governed by and construed in accordance with the laws of the State of Pennsylvania governing agreements made and to be performed wholly within the State of Pennsylvania. The parties hereby (a) expressly consent to the personal jurisdiction and venue of the state and federal courts located in Philadelphia County, Pennsylvania for any action brought by either party to interpret or enforce any provision of this Agreement and (b) agree not to assert (by way of motion, as a defense or otherwise) that such legal proceeding has been brought in an inconvenient forum. The undersigned, by execution and delivery of this Agreement, expressly and irrevocably consent to the service of any complaint, summons, notice or other process relating to any such action or proceeding by delivery thereof to such party by hand or by certified mail, delivered or addressed to the address set forth in this Agreement.

25. <u>Legal Fees</u>

In the event that at any time during the term of this Agreement and any extensions thereto either the Promoter or the Fighter shall institute any action or proceeding against the other relating to the provision of this Agreement, or any default hereunder, then, the unsuccessful party in such action or proceeding agrees to reimburse the successful party for the reasonable expenses of attorneys' fees and the disbursements incurred therein by the successful party.

26. <u>Entire Agreement</u>

This Agreement constitutes the entire agreement between the parties pertaining to the subject matter contained herein and supersedes all prior agreements, representations and understandings of the parties with respect to the subject matter of this Agreement. No amendment of, addition to or modification of this Agreement shall be effective unless the same is in writing and signed by all parties. Any term or provision of this Agreement may be waived in a signed writing at any time by the party, which is entitled to the benefit thereof; provided, however, that any waiver shall apply only to the specific event or omission waived and shall not constitute a continuing waiver. Any term or provision of this Agreement may be amended or supplanted at any time by a written instrument executed by all the parties hereto. No such agreement shall be binding unless executed in writing by all parties.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first above written.

PROMOTER:
NOW BOXING PROMOTIONS

_____
Cameron Dunkin

Date: 1-25-19

FIGHTER:

_____
Jaron Ennis

Date: 1/25/19

CO-MANAGERS

_____
Derek "Bozy" Ennis

Date: 1/25/19

_____
Joseph Parish Dunkin

Date: 1-25-2019

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 25 DAY OF January 2019
BY Derek Rountree Ennis and Jaron Ameer Ennis

_____
NOTARY PUBLIC

for Joseph Dunkin, 1/25/19

Commonwealth of Pennsylvania
Notarial Seal
VIKTOR SOROKA – Notary Public
CITY OF PHILADELPHIA, PHILADELPHIA CNTY
My Commission Expires Oct 26, 2021